## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

WILLIAM LAPLANTE,

    Plaintiff,

v().

CITY OF BATTLE CREEK, MIKAEL
ZIEGLER, and BRICE KERSCHEN, in their
individual and official capacities,

    Defendants.

CASE NO:
HON:

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>shawn.cabot@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT.

### COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **WILLIAM LAPLANTE,** by and through his attorneys CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1. Plaintiff is a resident of the City of Battle Creek, and of County of Calhoun, State of Michigan.

2. Defendants Mikael Ziegler and Brice Kerschen are and/or were police officers employed by the City of Battle Creek at all times mentioned herein, and were acting under color of law, in their individual and official capacities, and within the course and scope of their employment at all times mentioned herein.

3. Defendant City of Battle Creek is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

4. All relevant events giving rise to this lawsuit occurred in the City of Battle Creek, County of Calhoun, State of Michigan.

5. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

6. This lawsuit arises out of Defendants' violations of Plaintiff's Federal Constitutional rights as secured by the Fourth Amendment of the United States Constitution and consequently Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

**FACTS**

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set herein.

9. Plaintiff was operating a vehicle in the City of Battle Creek, Michigan.

10. Once out of the vehicle, Defendant Ziegler forcefully pulled Plaintiff's arms behind his back.

11. While in the process of detaining Plaintiff, Defendant Ziegler instructed Plaintiff to place his arms behind his back, to which Plaintiff attempted to comply.

12. For no justifiable reason whatsoever, Defendant Ziegler grabbed Plaintiff's arm and forcefully threw Plaintiff to the ground.

13. Defendant Kerschen assisted Defendant Ziegler to violently pin Plaintiff to the ground, smashed his head on the ground, and used unreasonable force to place handcuffs on Plaintiff.

14. Plaintiff was taken to Calhoun County Jail, after he was seen by emergency services on the scene.

15. As a result of the actions or inactions of Defendants Ziegler and Kerschen Plaintiff sustained injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S. C § 1983 EXCESSIVE FORCE

16. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

17. That Defendants were at all relevant times acting under color of law and acting within the scope of their employment.

18. As a result of the conduct complained of herein, Plaintiff suffered a deprivation of his clearly established rights protected and secured by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws, including but not limited to, the right to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law, the right to be free from unreasonable searches and seizures, and the right to be free from excessive force.

19. The Defendants violated Plaintiff's clearly established and federally protected rights by using excessive force against Plaintiff and/or failing to intervene on his behalf.

20. That Defendant's acts were at all times intentional, objectionably unreasonable, unnecessary, excessive, reckless, and/or grossly negligent in violation of Plaintiff's clearly established rights under the United State Constitution.

21. As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## DEFENDANT CITY OF BATTLE CREEK'S CONSTITUTIONAL VIOLATIONS

22. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

23. Defendant City of Battle Creek acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in constitutional violations to Plaintiff.

24. That these customs, policies, and/or practices included but were not limited to the following:

    a. Failing to train and/or supervise its officers so as to prevent violations of citizens' constitutional rights;

    b.    Failing to adequately train and/or supervise police officers regarding the proper use of force;

    c.    Failing to supervise, review, and/or discipline police officers whom the City of Battle Creek knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in illegal conduct;

    d.    Failing to control and/or discipline police officers known to harass, intimidate, and/or abuse citizens;

    e.    Having a custom, policy, and/or practice of falsely arresting and/or illegally detaining citizens.

25. Defendant City of Battle Creek's conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.

26. Defendant City of Battle Creek deliberately indifferent acts and/or omissions were the direct and proximate cause of Plaintiff's injuries and damages.

27. Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

        Respectfully Submitted,
        CHRISTOPHER TRAINOR & ASSOCIATES

        BY: **s/ SHAWN C. CABOT**
        CHRISTOPHER J. TRAINOR (P42449)
        SHAWN C. CABOT (P64021)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI  48386
        (248) 886-8650

Dated: March 4, 2019
SCC/map

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

WILLIAM LAPLANTE,

    Plaintiff,

v.

CASE NO:
HON:

CITY OF BATTLE CREEK, MIKAEL ZIEGLER, and BRICE KERSCHEN, in their individual and official capacities,
Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>shawn.cabot@cjtrainor.com | |

**DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, **WILLIAM LAPLANTE**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY: **s/ SHAWN C. CABOT**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650

Dated: March 4, 2019
SCC/map